891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
Carpenters Local 248 a/w United Brotherhood of Carpenters
and Joiners of America, AFL-CIO, Intervenor,
v.
OAKSTREAM, INC., AND ITS ALTER EGO J & B, INC., Respondent.
 No. 89-6343.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The National Labor Relations Board ("The Board") applies to this Court for summary enforcement of its order of May 9, 1989, finding the respondent violated federal labor law by refusing to bargain in good faith with the union. The union, which has been granted leave to intervene in this case, joins in that application. The respondent has not appeared in opposition.
 
 
 2
 It therefore is ORDERED that the Board's motion for summary enforcement of its May 9, 1989, order in Case No. 8-CA-21291 is granted. The respondent, Oakstream, Inc., and its alter ego J & B, Inc., Toledo, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Refusing to furnish Carpenters Local 248 a/w United Brotherhood of Carpenters and Joiners of America, AFL-CIO, with requested information that is necessary for, and relevant to, the Union's performance of its function as the exclusive collective-bargaining representative of the Respondent's employees in the following appropriate unit:
 
 
 4
 All employees of Respondent as defined by Articles II and XIX of the Articles of Agreement between the Labor Relations Division of the Associated Building Contractors of Northwestern Ohio, Inc. and Maumee Valley Carpenters District Council Local Union Nos. 248, 1138, 1581 and 1393 (Millwrights & Piledrivers).
 
 
 5
 (b) Repudiating the collective-bargaining agreement and refusing to recognize and bargain with the Union.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) On request, recognize and bargain with the Union as the exclusive collective-bargaining representative of unit employees on terms and conditions of employment.
 
 
 9
 (b) Furnish the Union with the requested information.
 
 
 10
 (c) Abide by the collective-bargaining agreement.
 
 
 11
 (d) Make whole employees for any loss of earnings and other benefits resulting from the failure to abide by the collective-bargaining agreement in the manner described in the remedy section of the Board's decision.
 
 
 12
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (f) Post at its facility in Toledo, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 16
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to furnish Carpenters Local 248 a/w United Brotherhood of Carpenters and Joiners of America, AFL-CIO, with requested information that is necessary for, and relevant to, the Union's performance of its function as the exclusive collective-bargaining representative of our employees in the following appropriate unit:
 
 
 19
 All our employees as defined by Article II and XIX of the Articles of Agreement between the Labor Relations Division of the Associated Building Contractors of Northwestern Ohio, Inc. and Maumee Valley Carpenters District Council Local Union Nos. 248, 1138, 1581 and 1393 (Millwrights & Piledrivers).
 
 
 20
 WE WILL NOT repudiate our collective-bargaining agreement or refuse to recognize and bargain with the Union.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce our employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 22
 WE WILL, on request, recognize and bargain with the Union as the exclusive collective-bargaining representative of our employees on terms and conditions of employment.
 
 
 23
 WE WILL furnish the Union with the requested information.
 
 
 24
 WE WILL abide by our collective-bargaining agreement.
 
 
 25
 WE WILL make whole employees for any loss of earnings and other benefits resulting from our failure to abide by the collective-bargaining agreement, with interest.
 
 
 26
 OAKSTREAM, INC. AND ITS ALTER EGO J & B, INC.
 
 
 27
 /s/ (Employer)
 
 Dated ________ By ____________________
 
 28
 (Representative)
 
 
 29
 (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E. 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3715.